## DECEMBER TERM 1839.

## John Aiken, et al. *vs.* John Appleby.

*Error to Lee.*

Upon the agreement to leave premises on receiving ten days notice, ten full days must elapse, exclusive of that on which notice is given, before action can be instituted to expel the tenant from the premises.

BY THE COURT, MASON CHIEF JUSTICE.—From the bill of exceptions in this case, it appears that the defendant was tenant of the plaintiffs, under a condition that he should at any time leave the premises upon receiving ten days notice. That such notice was served upon him on the last day of April, 1838, and that suit was commenced against him on the tenth of May following. The Judge of the District Court charged the Jury, that ten full days must elapse, exclusive of the day on which notice was given, before an action could be legally instituted against him, to expel him from the premises; and that, consequently, the action was prematurely commenced. This is the error complained of.

Suppose a notice of only one day had been requisite. Could the suit have been legally commenced on the first day of May? We think not. The law disregards fractions of a day. It matters not what hour of the day, therefore, the notice was served, if under such circumstances, the action might have been commenced on the first day of May, the rule of law must be general. Notice might, therefore, be given on the evening of the last day of April, and suit commenced early on the following morning. This is clearly unreasonable; for when the tenant stipulates for one day's notice, he should have at least one full day. Where one day's notice is necessary, and that notice was given on the last day of April, if suit could not be commenced until the second day of May, then if ten day's notice had been requisite, under like circumstances, the action could not legally be brought until the eleventh day of May. The Judge of the District Court, therefore, charged the Jury correctly, and the judgment must be affirmed.

Judgment affirmed accordingly.